IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| NORTHLAND PARENT ASSOCIATION, a Missouri nonprofit corporation | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:21-cv-00623-FJG |
| v. | ) ) | |
| Excelsior Springs School District #40; Board of Education of Excelsior Springs School District # 40; Kearney R-I School District; Board of Education of Kearney R-I School District; Liberty 53 School District; Board of Education of Liberty 53 School District; North Kansas City School District #74; Board of Education of North Kansas City School District #74; Smithville R-II School District; Board of Education of Smithville R-II School District; Park Hill School District Board of Education of Park Hill School District; Platte County School District R-III Board of Education of Platte County School District R-III; Quinton Lucas, Mayor of Kansas City, Missouri, in his Official Capacity; City Council of Kansas City, Missouri; Bryant DeLong, Mayor of North Kansas City, Missouri, in his Official Capacity; City Council of North Kansas City, Missouri; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S EXPEDITED MOTION TO EXPAND PRELIMINARY-INJUNCTION MOTION TO PRECLUDE ENFORCEMENT OF KANSAS CITY, MISSOURI'S NEW MASK MANDATE THAT APPLIES ONLY IN SCHOOLS, and SUGGESTIONS IN SUPPORT**

**Oral Argument and Evidentiary Hearing Requested**

Under Federal Rule of Civil Procedure 65, Plaintiff Northland Parent Association moves to expand its pending preliminary-inunction motion[1] to enjoin enforcement of the just-passed, revised Mask Mandate in KCMO Ordinance 210902.[2] Plaintiff also requests oral argument and an evidentiary hearing under Local Rule 7.0(e).

Due to the urgent nature of this just-passed ordinance (which has an accelerated effective date and went into effect immediately) and the fact that briefing on Plaintiff's pending motion for preliminary injunction will wrap up on November 5, 2021, the Plaintiff respectfully requests that this Court treat this expedited motion for expansion in an *ex parte* fashion and not allow further briefing. If the Court allows response, however, it should be within a narrow time frame (*e.g.*, 2 days, not 2 weeks). The students in masks have suffered long enough and need relief from this Court, especially when the Mask Mandate at issue is so blatantly baseless, as discussed below. After it files its Reply in support of the original motion for preliminary injunction, Plaintiff will ask that the Court hold an evidentiary hearing and oral argument on the pending issues as soon as possible.

<b><u>SUGGESTIONS IN SUPPORT</u></b>

I.     **Introduction**

On November 4, 2021, defendants Mayor Quinton Lucas and the City Council of Kansas City, Missouri, passed KCMO Ordinance 210902, which rescinded the City of Kansas City's Mask Mandate for everyone *except for* K-12 students and other persons inside school buildings and on school buses. Given this new action, which couldn't have been anticipated when Plaintiff filed its

---

[1] Pl.'s Mot. for Prelim. Inj., doc. 40 (Sep. 24, 2021).
[2] Attachment 1, Committee Substitute for Ordinance 210902, *available at* https://clerk.kcmo.gov/MeetingDetail.aspx?ID=902256&GUID=9D614865-C252-47CA-B591-5315636A06EE&Search= (last visited 11/4/2021). Note: This Committee Substitute was included because at the time of filing of this motion, the passed ordinance was not found on the KCMO website. No amendments were offered in the 11/4/2021 City Council meeting at which the ordinance was passed in the attached form.

motion for preliminary injunction in September, Plaintiff seeks to enlarge its preliminary-injunction motion to include this new KCMO Mask Mandate and Plaintiff's applicable claims in Counts I, II, III, XIX, & XX of the Complaint.[3]

Enforcement of the new KC Mask Mandate by the City through the school districts is unreasonable, arbitrary, capricious, and unlawful as applied to K-12 students. The ordinance further violates §67.265, RSMo., because the vote was taken without a sufficient report. The new Mask Mandate on its face also violates the United States and Missouri constitutions and the Missouri Religious Freedom Restoration Act because it provides no exemptions for individuals with sincerely held religious beliefs or conscientious objections.

## II. Factual Background

On November 4, 2021, the City Council of Kansas City, Missouri, enacted KCMO Ordinance 21090. It rescinded the City's Mask Mandate for everyone *except for* K-12 students who are 5 years of age and older and other persons inside public and (non-religious) private school buildings. The City Council was presented no recent evidence, studies, or data supporting a requirement that masks be worn by school children even when public health officials believe that the mask mandates can be lifted for everyone and everyplace else. The most recent data presented to the City Council's Transportation Committee was from an October 6, 2021 Health Department slide deck.[4] The committee was presented with no objective data or evidence suggesting that a Mask Mandate was necessary only in schools to reduce COVID-19 transmission in the community, given that COVID-19 cases and hospitalizations are down in the KC metro. During the committee meeting, a parent of school children spoke against the Mask Mandate. No parents spoke in favor.

---

[3] Pl.'s Compl., doc. 1 (Aug. 29, 2021).
[4] Kansas City Health Dep't, *Support on Extension of Mask Order* (Oct. 6, 2021), *available at* https://clerk.kcmo.gov/MeetingDetail.aspx?ID=901914&GUID=283D49D6-7BEE-4F1A-A7C1-A15B86F454D4&Search=  (last visited Nov. 4, 2021).

When the full City Council voted on the new KCMO Mask Mandate on November 4, 2021, no further presentation or report was provided to Council Members other than what had been provided to the transportation committee a day earlier. In discussion, Council Member Brandon Ellington argued that the proposed ordinance did not respect science because COVID-19 numbers were very low among juveniles in Missouri and yet the new Mask Mandate would apply only to schools. Council Member Heather Hall raised questions about enforcement: How can the City tell school districts to enforce the City's Mask Mandate? And how are the school districts going to enforce it, especially when some districts' boundaries cross into different cities? Other than Mayor Lucas, no Council Member spoke in favor of the ordinance. Nevertheless, the City Council passed Ordinance 210902 on an 11-2 vote.

Towards the end of September, Mayor Quinton Lucas told the public, "We need to be nearing the end game of [COVID-19] orders & mandates."[5] He noted a decline in COVID-19 cases in the KC metro and that the trendline was "going in the right direction" even among schools.[6] He also acknowledged that the public was no longer seeing the efficacy of the heavy-handed COVID-19 rules.[7]

In early October, Mayor Lucas told the public that he had listened to the recommendations of public health officials in deciding to support an extension of the then-existing Mask Mandate.[8] He said, however, that the Mask Mandate should not be continued "next month" (November) because the COVID-19 "trend line is down, not just with adults, but also in people under 18," and

---

[5] Mayor Lucas, Guest on Pete Mundo Radio Show, KCMO 710 AM (Sep. 23, 2021), available at https://omny.fm/shows/pete-mundo-kcmo-talk-radio-103-7fm-710am/9-23-quinton-lucas-kcmo-mayor (at approx. 5:40).
[6] *Id*. at approx. 8:25 – 9:10.
[7] *Id*. at approx. 9:24.
[8] Mayor Lucas, Guest on Pete Mundo Radio Show, KCMO 710 AM (Oct. 7, 2021), *available at* https://omny.fm/shows/pete-mundo-kcmo-talk-radio-103-7fm-710am/10-7-quinton-lucas-kcmo-mayor (approx. at 11:45).

thus Mayor Lucas said he wanted "to see the end of [the Mask Mandate]."[9]

Just weeks later, on November 4, 2021, Mayor Lucas told the public that that COVID cases and hospitalizations were down in Kansas City.[10] Yet he said he'd been "convince[d]" by conversations with "a number of Superintendents" that a Mask Mandate should be extended in schools but nowhere else.[11] He said that the Mask Mandate could not be eliminated altogether due to "political realities" in Kansas City.[12] He said that mask mandates "can't be around forever" but that mitigation efforts were still needed in places like "nursing homes [and], I'm told, schools."[13]

The Mayor's recent comments make clear that the decision to extend the KCMO Mask Mandate only for schools was based *not* on substantial evidence but on politics and backroom dealings. In particular, the pressure came from Northland school leaders, defendants in this case. Mayor Lucas implied as much when he told the public that, although school districts can have their own mask mandate, the Northland school leaders wanted the KCMO Mandate to continue because they wanted the "Kansas City government to kind of step in and say, 'We're going to do it for you.'"[14]

Thus, the decision to impose the revised Mask Mandate only in school buildings and on school buses was not based on substantial evidence, scientific data, COVID-19 data related to masks, or health concerns of students, but instead was based on political considerations, including pressure from and backroom conversations with Northland school leaders, who are also defendants

---

[9] *Id.* at approx. 12:05.
[10] Mayor Lucas, Guest on Pete Mundo Radio Show, KCMO 710 AM (Nov. 4, 2021), *available at* https://omny.fm/shows/pete-mundo-kcmo-talk-radio-103-7fm-710am/11-4-quinton-lucas-kcmo-mayor (approx. 6:00).
[11] *Id*. at approx. 4:30.
[12] *Id*. at approx. 7:40.
[13] *Id.* at approx. 8:15.
[14] Mayor Lucas, Guest on Pete Mundo Radio Show, KCMO 710 AM (Sep. 23, 2021), available at https://omny.fm/shows/pete-mundo-kcmo-talk-radio-103-7fm-710am/9-23-quinton-lucas-kcmo-mayor (at approx. 11:25).

5

in this lawsuit.

### III. Argument

Enforcement of the revised KC Mask Mandate should be enjoined because it violates Section 536.150.1 of the Missouri Administrative Procedure Act ("MAPA").[15] Under that section, an agency decision must be invalidated when it is found to be "unconstitutional, unlawful, unreasonable, arbitrary[] or capricious or involve[] an abuse of discretion." RSMo. § 536.150.1. "An administrative agency acts unreasonably and arbitrarily if its findings are not based on substantial evidence." *Beverly Enterprises-Missouri Inc. v. Dep't of Social Svcs.*, 349 S.W.3d 337, 345 (Mo. App. 2008) (internal quotation marks omitted). Further, in order to "meet basic standards of due process and to avoid being arbitrary, unreasonable, and/or capricious," agency decision-making must consist of "a more searching inquiry based on some kind of objective data rather than mere surmise, guesswork, or a 'gut feeling.'" *Barry Serv. Agency Co. v. Manning*, 891 S.W.2d 882, 893 (Mo. App. 1995).

As described in the background section above, Kansas City's revision of its Mask Mandate to apply *only* in school facilities and school buses is not based on science, any objective data, or any substantial evidence *at all*—indeed, not a single one of the "Whereas" findings set forth in the ordinance provides any basis at all for the Mask Mandate that follows. At best, it is the result of "surmise, guesswork, or a 'gut feeling'" that forced mask-wearing in schools is *uniquely* necessary to forestall the spread of COVID-19. At worst, it is gross governmental overreach holding schoolchildren hostage to politics. In either case, enforcement of Kansas City's revised Mask Mandate in school facilities and buses is, by definition, "arbitrary, unreasonable, and/or

---

[15] A challenge under MAPA is the appropriate vehicle to enjoin Kansas City's enforcement of its revised Mask Mandate, as Missouri courts have generally recognized that "[e]nforcement of an ordinance by a municipality is administrative and should be reviewed under the Missouri Administrative Procedures Act, Chapter 536 RSMo. 1994." *E.g.*, *Begshaw v. City of Independence*, 41 S.W.3d 500, 503 (Mo. App. 2000).

capricious." *See, e.g., Barry Serv. Agency*, 891 S.W.2d at 892-94 (reversing trial court and holding that state agency's determination that lender's rate schedules were unacceptable was arbitrary and capricious, where agency had no evidence before it that borrowers could not afford to borrow money at proposed rates, agency had failed to consider lender's profit margins, and decision was based on nothing but "surmise, guesswork, or a 'gut feeling'").

The revised KCMO Mask Mandate also violates § 67.265 RSMO because no report was provided to the City Council sufficient to support the need to rescind the Mask Mandate with regard to everyone and everyplace else—including, for example, in nursing homes, health care facilities, bars and restaurants, and indoor concerts—but still to force children in schools to mask up. As stated in the Background section above, the Council's transportation committee that considered the new Mask Mandate was presented with old information, from a month ago. And even that related not to the impact of masks but to COVID-19 numbers generally. For the sake of brevity, Plaintiff incorporates herein its arguments related to § 67.265 RSMo. in Plaintiff's briefs in support of the original motion for preliminary injunction and in opposition to Defendants' motion to dismiss, as if fully set forth herein.[16]

Finally, the KCMO Mask Mandate on its face violates the First Amendment of the U.S. Constitution, Article I Section 5 of the Missouri Constitution, and the Missouri Religious Freedom Restoration Act, § 1.302 RSMo., because the mandate allows for no exceptions for individuals based on sincerely held religious beliefs or conscientious objections. Plaintiff further incorporates its religious-liberty arguments from Plaintiff's briefs in support of the original motion for preliminary injunction and in opposition to Defendants' motion to dismiss, as if fully set forth

---

[16] Pl.'s Suggestions in Supp. of Mot. for Prelim. Inj. at 35-43, doc. 42 (Sep. 24, 2021); Pl.'s Resp. in Opp'n to Defs.' Jt. Mot. to Dismiss at 15-20, doc. 57 (Oct. 28, 2021); Reply in Supp. of Prelim. Inj., doc. __ (to be filed 11/5/2021)

7

Case 4:21-cv-00623-FJG   Document 60   Filed 11/04/21   Page 7 of 9

herein.[17]

## IV. Conclusion

For the reasons stated above, NPA respectfully asks this Court to <u>enjoin the enforcement of KC Ordinance 210902</u> as applied to school students (from Kindergarten through Grade 12).

NPA also asks this Court to <u>waive the bond requirement</u> for a preliminary injunction because this case serves the public interest by vindicating its statutory and constitutional rights. For the sake of brevity, Plaintiff incorporates the law and argument related to the bond requirement that is set forth in Plaintiff's original motion for preliminary injunction as if fully set forth herein.[18]

Finally, Plaintiff asks the Court to conduct an <u>evidentiary hearing with oral argument</u> and to grant such other and further relief as may be necessary and just. Counsel will send a proposed order to the Court's chambers in accordance with Western District of Missouri rules and procedures.

Dated: November 4, 2021

Respectfully submitted,

PATHGUIDE LAW LLC

 s/ *Kevin R. Corlew*_____
Kevin R. Corlew, Mo Bar #59324
200 NW Englewood Rd Ste A
Gladstone, MO 64118
Phone: (816) 710- 6900
Email: Kevin.Corlew@PathGuideLaw.com

ATTORNEY FOR PLAINTIFF

---

[17] Pl.'s Suggestions in Supp. of Mot. for Prelim. Inj. at 28-35; Pl.'s Resp. in Opp'n to Defs.' Jt. Mot. to Dismiss at 34-39; Reply in Supp. of Prelim. Inj., doc. __ (to be filed 11/5/2021).
[18] Pl's Mot. for Prelim. Inj., doc. 40, at 5-6 (Sep. 24, 2021).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of November, 2021, I electronically filed the above and foregoing motion with the clerk of the court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

      /s/ *Kevin R. Corlew*