# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NORTHLAND PARENT ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EXCELSIOR SPRINGS SCHOOL ) <br> DISTRICT # 40, ET AL., ) <br> ) <br> Defendant. ) <br> ) | Case No. 21-CV-00623-FJG |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. # 40); Plaintiff's Motion to Expand Preliminary Injunction to Preclude Enforcement of Kansas City's New Mask Mandate (Doc. # 60) and plaintiff's Motion for Leave to File Excess Pages for its Reply Suggestions (Doc. # 61).

On November 4, 2021, defendants Mayor Quinton Lucas and the City Council of Kansas City, Missouri passed KCMO Ordinance 210902, which rescinded the City of Kansas City's Mask Mandate for everyone *except* for K-12 students and other persons inside school buildings and on school buses. Given this new action, plaintiff seeks to expand its Preliminary Injunction Motion to include this new Mask Mandate and plaintiff's claims in Counts I, II, III, XIX and XX of the Complaint. Plaintiff also requests that the Court conduct an evidentiary hearing with oral argument on the Motion for Preliminary Injunction.

### A. Motion to Expand the Preliminary Injunction

Plaintiff moves to expand its preliminary injunction motion to enjoin enforcement of the revised Mask Mandate – KCMO Ordinance 210902. Plaintiff asks that the Court treat this expedited motion for expansion in an ex parte fashion and not allow any further briefing. Plaintiff states that on November 4, 2021, Mayor Lucas and the City Council of Kansas City, Missouri passed Ordinance 210902 which rescinded the City of Kansas city's Mask Mandate for everyone except for K-12 students and other persons inside school buildings and on school buses. Plaintiff states that this new action could not have been anticipated when the initial motion for preliminary injunction was filed in September and plaintiff is seeking to enlarge its preliminary injunction motion to include this new Ordinance and the claims in various counts of its Complaint.

The School Defendants state that the NPA's Motion to Expand the Preliminary Injunction should be treated as an entirely new motion directed at the new public health ordinance that was not in existence when the original motion or the opposition were filed. The City of Kansas City also opposes the Motion to Expand because the affidavits that NPA submitted concern the school districts and their policies, not the City Ordinance. Additionally, the City states that although the affidavits submitted in support of the preliminary injunction list the school districts the affiants' children attend, not a single affiant states that they are residents of the City of Kansas City and therefore affected by the ordinance. Additionally, the City states that the Complaint is moot because the Complaint attacks Ordinance 210694 which has been replaced. Any declaration regarding this Ordinance would have no practical effect. The City states that the rights and obligations of students and other persons who visit schools within the City

of Kansas City are governed by Ordinance 210902, which is not addressed in the Complaint. The City states that the Court is not empowered to issue an advisory opinion on the validity of the current ordinance without a valid suit.

If plaintiff wishes to amend the Complaint or seek alternative or additional relief due to changed factual circumstances (such as the passage of new City Ordinances), the proper procedure is to file a Motion for Leave to Amend and attach a copy of the proposed Amended Pleading. The Court therefore **DENIES** plaintiff's Motion to Expand Preliminary Injunction motion (Doc. # 60) and directs plaintiff to file a Motion for Leave to File an Amended Complaint.

### B. Evidentiary Hearing

The School defendants state that the Court should decide the motion for preliminary injunction on the briefs and it is unnecessary for the Court to conduct an evidentiary hearing. The School defendants note "[a]n evidentiary hearing is required prior to issuing a preliminary injunction only when a material factual controversy exists." United Healthcare Ins. Co. v. AdvancePCS, 316 F.3d 737, 744 (8th Cir. 2002). The School defendants state that the sole material factual dispute is whether the individuals who submitted affidavits supporting NPA's motion are indeed NPA members. The School defendants state that they are willing to stipulate for the purposes of the preliminary injunction motion, that NPA's affiants are NPA members. For the purposes of the preliminary injunction motion, the Court accepts the School Defendants' stipulation that the affiants are NPA members. Thus, because there is no material fact in dispute and because the remaining issues are only legal issues, the Court finds it unnecessary to hold an evidentiary hearing.

### C. Motion for Preliminary Injunction

"A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has the opportunity to rule on the lawsuit's merits." SH3 Health Consulting, LLC v. Page, 459 F. Supp. 3d 1212, 1219 (E.D. Mo. 2020).

> In determining whether to grant a preliminary injunction a court considers (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). . . .The Plaintiff bears the burden of proof concerning the four factors. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). The court balances the four factors to determine whether a preliminary injunction is warranted. Dataphase, 640 F.2d at 113; West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1222 (8th Cir. 1986). "A district court has broad discretion when ruling on preliminary injunction requests[.]" Coca-Cola Co. v. Purdy, 382 F.3d 774, 782 (8th Cir. 2004) (citing United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998)).

Dakota Rural Action v. Noem, 416 F.Supp.3d 874, (D.S.D. Sept. 18, 2019).

After reviewing the parties' pleadings, the Court finds that oral argument on plaintiff's Motion for a Preliminary Injunction would be of assistance. As plaintiff bears the burden of proof on the Dataphase factors, plaintiff's counsel should be prepared to address each of these factors, focusing primarily on the probability of success on the merits. The parties should also be prepared to address the issue of standing. Oral argument on plaintiff's Motion for Preliminary Injunction is scheduled for **Wednesday November 17, 2021** at **10:00 a.m.** Each side will be allowed thirty minutes to present their arguments.

The Court **GRANTS** plaintiff's Motion for Leave to Exceed the Page Limits for its Reply in Support of the Motion for Preliminary Injunction. (Doc. # 61).

Date: November 11, 2021
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge